FILED
2005 Apr-07 PM 06:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **LEE ANTHONY SWAIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-04-HS-3254-E** |
| | ) | |
| **US AUTO HOLDINGS, INC., a corporation, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING
MOTION FOR REMAND**

This case is before the Court on the Motion to Remand, filed by the Plaintiff Lee Anthony Swain. (Doc. 8.) The Defendants, US AutoHoldings, Inc., *et al.*, removed the action to this Court on November 18, 2004, asserting jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). (Doc. 1.) Plaintiff filed a motion to remand (doc. 8) on December 14, 2004. On December 30, 2004, the Court accorded the Defendants 60 days to conduct discovery on the question of the court's subject matter jurisdiction. At the conclusion of the discovery period, the Defendants filed their opposition to the motion (doc. 16), and the Plaintiff replied on March 8, 2005. The motion came before the Court for hearing on March 28, 2005, and now is ripe for decision.

## I.
## BACKGROUND

Plaintiff filed suit against the Defendants in the Circuit Court of Talladega County, Alabama on October 12, 2004. In his complaint, Plaintiff asserts what he claims to be the state law causes of action of fraud (Count I), malicious conversion (Count II), violations of the UCC and other state statutes (Count III), negligence (Count IV), violation of the Alabama Deceptive Trade Practices Act (Count V), invasion of privacy (Count VI), and criminal acts of third parties (Count VII).

According to Plaintiff, Defendant Sue Trammell ("Trammell"), was in the business of arranging "subleases" between automobile owners who are "overextended" or have negative equity in their automobiles and consumers like the Plaintiff. (Compl., doc. 1) The Plaintiff alleges that Trammell sublet these vehicles to consumers who thought they were leasing-to-own. Plaintiff says that, in violation of several laws, Trammell sublet the vehicles without informing the lien holder of the change of possession.

The complaint continues that on May 20, 2002, Plaintiff entered into a Lease Purchase Agreement whereby Plaintiff paid a $2000 down payment, agreed to make monthly payments of $475 a month for 39 months, and at the end of the payment period ownership of the vehicle was to be transferred to her. (*Id.*)

Plaintiff contends that Trammell committed fraud by misrepresenting and failing to disclose numerous material details regarding the transaction. Primarily, Plaintiff complains that Trammell fraudulently suppressed the fact that the Lease Purchase Agreement violated numerous state laws due to Trammel's failure to apprize the lien holder of the vehicle's change in possession. (*Id.*) In addition to this central allegation, the Plaintiff also charges that the Defendants fraudulently failed to disclose that the transaction violated numerous federal regulations, including the Federal Odometer Act ("FOA"), the Truth in Lending Act ("TILA"), and federal regulations dealing with warranty disclaimers. It was pursuant to these last allegations that the Defendants removed this action to federal court. On this motion to remand, the question is whether the additional allegations of fraudulent suppression based upon federal disclosure requirements pose a federal question conferring jurisdiction on this Court.

## III.
## STANDARD FOR REMAND

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could

have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

The removing Defendants bear the burden of establishing subject-matter jurisdiction. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the Defendant bears the burden of proving subject-matter jurisdiction in removed actions).

## IV.
## DISCUSSION

The removing Defendants invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) as the basis for removal. Plaintiff contests the jurisdiction of the Court. Federal question jurisdiction requires that the "action aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The analysis of federal question jurisdiction begins with the principle that the Plaintiff "is master to decide what law he will rely upon." *The Fair v. Kohler Die & Speciality Co.*, 228 U.S. 22, 25 (1913), overruled on other grounds by *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983). Plaintiffs can

choose to rely solely on state law even if federal law provides a cause of action as well. *Campbell v. Gen. Motors Corp.*, 19 F. Supp. 2d 1260, 1271 (N.D. Ala. 1998). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392.

Both parties agree that this Court lacks jurisdiction under the well-pleaded complaint rule. Plaintiff included only state law causes of action in his complaint. The only way this Court has jurisdiction is under a narrow exception to the well-pleaded complaint rule that permits jurisdiction when"'the law that creates the cause of action' is state law, and … it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd.,* 463 U.S. at 13. "To bring a case within [federal-question jurisdiction] a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the Plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Gully v. First Nat. Bank*, 299 U.S. 109, 112 (1936) (citations omitted).

To establish federal jurisdiction under this exception, the Defendants must show that the Plaintiff's state law cause of action: (1) involves a question of federal law that is (2) substantial, (3) disputed, and (4) a necessary element of the state law cause of action. *City of Huntsville v. City of Madison*, 24 F.3d 169, 172 (11th Cir. 1994) ("In limited circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action.") (citing *Franchise Tax Bd.*, 463 U.S. at 12). All four elements must be shown to confer jurisdiction upon this Court. *See id.* (finding no jurisdiction where the federal question was not substantial even though it was necessary to the state law cause); *Anderson v. Household Finance Corp.*, 900 F.Supp. 386, 389 (M.D. Ala. 1995) (finding no jurisdiction where the federal questions were not necessary to the Plaintiff's state law cause of action).

The Defendants have met the first requirement. Plaintiff's fraud claims involve federal questions of law to the extent that the Plaintiff alleges that the Defendants failed to comply with certain federal disclosure requirements. The Defendants seem to meet the third element as well. At oral argument, the Defendants maintained that the federal regulations cited in the Plaintiff's complaint did not apply to the relevant transactions. This position places the application of the federal requirements minimally in dispute in satisfaction of element three.

However, the Defendants have failed demonstrate the remaining two elements. First, the questions at issue here are not substantial. The laws at issue—the Federal Odometer Act and the Truth in Lending Act—are clear. The Defendants do not argue that the laws are in need of interpretation, nor do they argue that the laws conflict with each other, thereby requiring the Court to negotiate the interplay between different federal statutes. Although the Defendants argue that questions exist, these questions relate to how the subject transaction is to be classified under state law. The federal questions presented will follow straightforwardly from those state law determinations.

Most importantly, the federal questions presented by the Plaintiff's fraud claim are not essential to Plaintiff's cause of action. The question of whether the Defendants made required federal disclosures is just one component of the Plaintiff's multifarious fraud allegations. The Plaintiff's primary fraud allegation is that the Defendants fraudulently suppressed the fact that the subject transaction violated the security agreement between the title holder and the lien holder, the Alabama Uniform Commercial Code, the Uniform Certificate of Title and Anti Theft Act, and the license and registration laws of the State of Alabama. (*See* Compl., doc. 1, ¶ 25.) The Plaintiff's primary fraud allegation does not depend upon, or even touch upon, the allegations relating to federal disclosure requirements. Plaintiff therefore can

prevail on its fraud claim even in the absence of its allegations relating to the Federal Odometer Act of the Truth in Lending laws.

It is well-settled that to confer federal jurisdiction on the federal courts, the federal question must be essential to the Plaintiff's state law claim. *City of Huntsville*, 24 F.3d at 172 ("[F]ederal jurisdiction may also be available if a substantial, disputed question of federal law is a *necessary element* of a state cause of action.") (emphasis added); *Anderson v. Household Finance Corp.*, 900 F.Supp. 386, 389 (finding no jurisdiction because "[t]he causes of action are supported by alternative theories of state law, and the TILA is not essential to any of those theories"); *Sampson v. Mercury Finance Co*., Civ. 95-S-418-N, 1996 US Dist. Lexis 22032, *5 (N.D. Ala. Feb. 14, 1996) ("Since the causes of action are supported by theories of state law, and the TILA violation is not essential to any of those theories, there is no substantial question in this case."); *Coker v. Daimlerchrysler Corp.*, 220 F.Supp.2d 1367, 1372 (N.D. Ga. 2002) (finding no federal jurisdiction where "[p]laintiff's case does not depend 'entirely' on Defendant's alleged violations of federal regulations"). Because the federal questions presented by the Plaintiff's state law claims are not essential to those claims, the Plaintiff's claim does not pose a claim "arising under the Constitution, laws, or treaties of the United States" within the meaning of 28 U.S.C.A. § 1331. Accordingly, this Court lacks jurisdiction over this

case.

## V.
## CONCLUSION

Because this Court lacks jurisdiction to decide this case, the Plaintiff's motion to remand is due be **GRANTED**. A separate order will be entered.

**DONE** and **ORDERED** this 7th day of April, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge